UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CV-00337-BR

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF SOUTHEASTERN CONCRETE PRODUCTS OF FAYETTEVILLE, LLC, <br><br> Plaintiff, <br> v. <br><br> INTERSTATE CONCRETE OF NC, INC., Q.B.S., INC., and FEDERAL INSURANCE COMPANY, <br><br> Defendants, <br><br> and <br><br> RICKY WEAVER, <br><br> Third Party Defendant. | ORDER |

      This matter is before the court on (1) plaintiff United States of America for the Use and Benefit of Southeastern Concrete Products of Fayetteville, LLC's ("Southeastern") motion to strike defendant Interstate Concrete of NC, Inc.'s ("Interstate") motion to dismiss and (2) Interstate's and third-party defendant Ricky Weaver's ("Weaver") motions to dismiss. No party has filed a response to the motions.

Southeastern alleges that Q.B.S., Inc. ("Q.B.S.") entered into a contract with the United States Department of the Army to serve as the prime contractor on the construction of new facilities at Fort Bragg Army base located in Fayetteville, North Carolina. (Compl. ¶ 7). To fulfill its obligations under the contract, Q.B.S. entered into a subcontract agreement with Interstate to provide labor and/or materials to Q.B.S. (Id. ¶ 10). Interstate then entered into a subcontract agreement with Southeastern who agreed to provide concrete and/or labor for the installation of footings and foundation for the project. (Id. ¶ 11). Southeastern alleges that it performed pursuant to the terms of the subcontract, submitted invoices to Interstate, and Interstate issued a check to Southeastern for the work performed. (Id. ¶¶ 12-14). According to Southeastern, Interstate stopped payment on the check before the funds were transferred to Southeastern and has since failed to pay Southeastern $120,422.70 for its work on the project. (Id. ¶¶ 15, 19). Southeastern alleges breach of contract, unjust enrichment, a bond claim pursuant to the Miller Act, 40 U.S.C. § 3133, and violations of the Prompt Payment Act, 31 U.S.C. § 3901 et seq. In its answer, Interstate moves to dismiss Southeastern's complaint pursuant to Fed. R. Civ. P. 12(b) alleging that Southeastern has failed to state claims against Interstate upon which relief could be granted. (Interstate's Answer & Countercl. at 1).

Q.B.S. filed a third-party complaint against Weaver as the principle of Interstate and upon the basis of its belief that Weaver was personally involved in its day-to-day management, including decisions pertaining to payment of subcontractors. Specifically, Q.B.S. alleges that Weaver executed false lien waivers upon which Q.B.S. relied in issuing payment to Interstate in full. (Q.B.S.'s Third-Party Compl. ¶¶ 7, 8). In his answer, Weaver also moves to dismiss Q.B.S.'s complaint pursuant to Fed. R. Civ. P. 12(b) for failure to state claims upon which relief

2

may be granted. (Weaver's Answer at 1).

Southeastern argues that Interstate failed to provide support for or brief its motion to dismiss. Therefore, Southeastern claims, Interstate's motion to dismiss should be stricken pursuant to Fed. R. Civ. P. 12(f). That rule provides in relevant part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic[,]' " but " 'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.' " Waste Mgmt Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1380, 1381 (2d ed. 1990)). In light of the governing standard under Fed. R. Civ. P. 12(f), the motion to strike will be denied and the court will simply address the motions on the merits.

"A motion to dismiss should not be granted unless the plaintiff can prove no set of facts to support the claim and entitle the plaintiff to relief." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993). Well-plead allegations are accepted as true and the complaint is viewed in a light most favorable to the plaintiff but "[f]actual allegations must be enough to raise a right to relief that is plausible on its face." Philips v. Pitt County Memorial Hosp., 575 F.3d 176, 180 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554 (2007)). At this stage of the proceedings, both Southeastern and Q.B.S. sufficiently state claims for relief.

3

The motions to dismiss are DENIED. The motion to strike is DENIED.

This 10 February 2011.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge